UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN A. CHACON,<br><br>    Petitioner,<br><br>  v.<br><br>ON HABEAS CORPUS,<br><br>    Respondent. | Case No.:1:13-cv-00564-AWI-SAB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 1) |

  Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  Petitioner filed the instant petition for writ of habeas corpus on April 19, 2013.

**I.**

**DISCUSSION**

**A. Screening of Petition**

  Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

  The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been

1

filed. Advisory Committee Notes to Habeas Rule 8; see Herbst v. Cook, 260 F.3d 1039, 1042-1042 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.3d 13, 14 (9th Cir. 1971).

### B. Failure to State a Cognizable Claim Under Section 2254

Because the instant petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7.

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.3d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991).

Petitioner is in the custody of the California Department of Corrections and Rehabilitation and is currently housed at the California Correctional Institution in Tehachapi, California. In the instant petition, Petitioner contends that in 2009 he was revalidated as a member of the Mexican Mafia (EME) gang and placed in the security housing unit (SHU), resulting in him serving a sentence beyond that agreed to pursuant to his plea bargain because of the lack of credit earning. More specifically, Petitioner contends he was falsely accused of being a member of the gang and his procedural due process rights were denied in relation to the process utilized in the validation proceedings. Petitioner contends his placement in the SHU is the result of retaliation for filing a prior civil rights complaint against prison officials and he is the subject of atypical and significant hardship because of his current confinement.

Petitioner's allegations regarding his placement in the SHU resulting from his 2009 gang validation proceeding for which he claims was retaliatory and violated his rights to due process are not cognizable via section 2254.  Petitioner's allegations concern only the conditions of his confinement.  Petitioner does not allege facts that point to a real possibility of constitutional error that affected the legality or duration of his confinement.  Thus, Petitioner is not entitled to habeas corpus relief and the instant petition must be dismissed.

To the extent Petitioner contends that the January 25, 2010, amendment to California Penal Code § 2933.6, which denies credits to inmates who are validated prison-gang associates and who are housed in the security housing unit, violates the Ex Post Facto Clause because it changes the consequences of his 2009 gang validation to his disadvantage by denying him the ability to earn credits against his sentence thereby lengthening his sentence, such claim is without merit.

On January 25, 2010, California Penal Code section 2933.6(a), regarding sentence reduction conduct credits, was amended to read:

> (a) Notwithstanding any other law, a person who is placed in a Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation Unit for misconduct described in subdivision (b) or upon validation as a prison gang member or associate is ineligible to earn [sentence reduction conduct] credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that misconduct.

In order for a law to be ex post facto, it must be both disadvantageous to the offender and retrospective. Weaver v. Graham, 450 U.S. 24, 29 (1981).  To determine if a law is retrospective, "[t]he critical question is whether the law changes the legal consequences of acts completed before its effective date." Id. at 31.

In Weaver, the Court noted "the ex post facto prohibition ... forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." 450 U.S. at 30.  At the time Weaver was convicted of his commitment offense, he was eligible for a specific number of gain-time credits awarded for good conduct.  However, two years into his prison sentence, Florida reduced the number of gain-time credits inmate Weaver could accrue.  As a result, inmate Weaver was "disadvantaged by the reduced opportunity to shorten his time in prison simply

through good conduct." Id. at 33–34. The amendment reduced inmate Weaver's credits through no fault of his own. The only conduct triggering the application of the gain-time statute to inmate Weaver was his commission of the commitment offense, which took place two years prior to the amendment. Thus, the new law effectively lengthened inmate Weaver's prison term.

In Lynce, the Supreme Court applied the two-part test set forth in Weaver to determine if a Florida law which revoked overcrowding credits that had already been awarded was ex post facto. Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). The Court held the new law "retroactively cancelled all provisional credits awarded to inmates convicted of murder or attempted murder." Id. at 436. The law clearly disadvantaged inmate Lynce because it "had the effect of lengthening [Lynce's] period of incarceration." Id. at 443. As in Weaver, the only conduct triggering the new application of the law was the commission of the crime years earlier.

In this instance, unlike the amendments in Weaver and Lynce, Section 2933.6 is not ex post facto because it is not retrospective, i.e., it does not punish inmates for conduct that was completed before the effective date of the amendment-January 25, 2010. Cal. Penal Code § 2933.6(a); Kansas v. Hendricks, 521 U.S. 346, 370–371, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (holding Kansas' Sexually Violent Predator Act is not an ex post facto law because, among other reasons, it is not retrospective since it permits involuntary confinement based on a determination of current mental disorder "and does not criminalize conduct legal before its enactment, nor deprive [petitioner] of any defense that was available to him at the time of his crimes.") The amendment to the law applies to Petitioner because of his continued association with the Mexican Mafia prison gang after January 25, 2010. Cal. Penal Code § 2933.6(a). See Petition, Ex. B. Petitioner is not being denied the privilege to earn credits after January 25, 2010, because of his pre-January 25, 2010, conduct. Rather, he is being denied the privilege to earn credits after January 25, 2010, because of his conduct after January 25, 2010. If Petitioner had not been an active associate of the gang after January 25, 2010, the law would not apply to him. Id.

Furthermore, any claim that Petitioner has a liberty interest in credit earning is also without merit. A liberty interest may originate from the Due Process Clause or by state action. Hewitt v. Helms, 459 U.S. 460, 461 (1983); Wolff v. McDonnell, 418 U.S. 559 (1974). The Constitution

ensures that a protected liberty interest is free from "atypical and significant hardship … in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-484 (1995).

Under California law, "[c]redit is a privilege, not a right." Cal. Penal Code § 2933(c). Accordingly, Petitioner does not have a federal right to earn prison credits. Kalka v. Vasquez, 867 F.2d 546, 547 (1989). Furthermore, as previously stated, Petitioner was not deprived of earned credits; rather, only his eligibility or capacity to earn credit in light of his gang activity was modified by § 2933.6. Thus, there is no basis to a due process challenge based on the lack of credit earning because of the gang affiliation.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED; and
2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __July 9, 2013__      _____
                             UNITED STATES MAGISTRATE JUDGE